PROB 12B
(7/93)

# United States District Court

для

*District of Guam*

FILED
DISTRICT COURT OF GUAM
MAR 12 2007
MARY L.M. MORAN
CLERK OF COURT

## Report for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender  **Eric Iglesias Manibusan**          Case Number: **CR95-00032-001**

Name of Sentencing Judicial Officer:   John S. Unpingco

Date of Original Sentence:   April 11, 1997

Original Offense:  Criminal Conspiracy to Distribute Crystal Methamphetamine, in violation of 21 U.S.C. § 841.

Original Sentence:  Sentenced to 60 months imprisonment followed by four years of supervised release with conditions to include that the defendant participate in a program approved by the U.S. Probation Office for substance abuse which may include but not be limited to random urinalysis. **Conditions modified on November 8, 2001,** to include that he participate in a mental health treatment program approved by the U.S. Probation Office and that he pay a co-payment fee at a rate to be determined by the U.S. Probation Office based on his ability to pay. **Revoked on October 8, 2003,** sentenced to 12 months imprisonment followed by 48 months supervised release. **Conditions modified on October 27, 2003,** to include 100 hours of community service. **Conditions modified February 10, 2005** to include nine months of home confinement, and urinalysis at least twice weekly. **Revoked July 11, 2005,** sentenced to 3 months and 212 days imprisonment followed by 37 months of supervised release. All previously ordered conditions were reimposed by the Court.

Type of Supervision:   Supervised Release          Date Supervision Commenced:   May 5, 2006

## PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follows:

1.  The defendant shall not associate with and/or not come within 500 feet of Lourdes Taitano or any of her family members without the permission of the U.S. Probation Officer. This association restriction includes any contact whether physical, verbal, electronic, telephonic, written, or otherwise.

**ORIGINAL**

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

page 2

CAUSE

Since being released from revocation imprisonment on May 5, 2006, Mr. Manibusan had been residing with his girlfriend, Lourdes Taitano, in her Yigo residence. On February 26, 2007, Ms. Taitano notified this Officer that she had called police to have Mr. Manibusan removed from her home. She stated that she had ended their relationship on February 25, 2007, and instructed him to leave her residence. However, he returned the following day to the residence banging on the windows demanding his belongings. Ms. Taitano stated that when the police arrived, they facilitated the return of his property, and escorted him away from the home. Mr. Manibusan was not arrested and the police officer recommended to Ms. Taitano that she could file a restraining order with the Superior Court of Guam should she wish.

According to Ms. Taitano, her relationship with Mr. Manibusan had been strained for months, primarily due to his alcoholism and his growing belligerence towards her for requiring him to stop drinking. She stated that in the last two weeks she was subjected to shouting, name calling, and physical intimidation by Mr. Manibusan. Ms. Taitano stated that although she was never verbally threatened by Mr. Manibusan, his physical demeanor at the height of his anger placed her in fear of her safety. She informed this officer that she would be grateful for assistance in ensuring that Mr. Manibusan stay away from her.

On February 27, 2007, this Officer met with Mr. Manibusan at his parents' residence, where he now resides. He admitted to his reported alcohol use, and the heated arguments between he and Ms. Taitano. Mr. Manibusan maintained, however, that he had never physically abused or verbally threatened Ms. Taitano. He acknowledged that his physical appearance during an argument could be intimidating, but asserted that he did not intentionally mean to scare her. Mr. Manibusan agreed with this Officer to a modification of his conditions of supervision to include an order that he not associate or make contact with Ms. Taitano. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Manibusan's consent to the modification. In response to his admitted alcohol abuse, Mr. Manibusan will be returned to day 1, Phase I of the substance abuse treatment program. He reported no reason why he would not be able to return to full compliance.

Except at outlined above, Mr. Manibusan is in compliance with his conditions of supervised release. He obtained a job as a general laborer and his employer is supportive of him.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. His progress will continue to be monitored and any further noncompliance will be reported to the Court accordingly.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON

U.S. Probation Officer
Supervision Unit Leader

Date: 3/2/07

Respectfully submitted,

by: ROBERT I. CARREON

U.S. Probation Officer

Date: 3/2/07

## THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☑ The Modification of Conditions as Noted Above.

☐ Other    Issuance of a:    ☐ Summons    ☐ Warrant

RECEIVED
MAR - 2 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

HON. FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District of Guam

3/12/07
Date

PROB 49
(3/89)

# *United States District Court*

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall not associate with and/or not come within 500 feet of Lourdes Taitano or any of her family members without the permission of the U.S. Probation Officer. This association restriction includes any contact whether physical, verbal, electronic, telephonic, written, or otherwise.

Witness: ROBERT I. CARREON   Signed: ERIC I. MANIBUSAN
U.S. Probation Officer              Probationer or Supervised Releasee

2/27/07
Date