PROB 12C
(7/93)

# United States District Court

for

*District of Guam*

### Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: | **Eric I. Manibusan** | Case Number: **CR 95-00032-001** |

Name of Sentencing Judicial Officer:   John S. Unpingco

Date of Original Sentence:   April 11, 1997

Original Offense:   Criminal Conspiracy to Distribute Crystal Methamphetamine, in violation of 21 U.S.C. § 841.

Original Sentence: Sentenced to 60 months imprisonment followed by four years of supervised release with conditions to include that the defendant participate in a program approved by the U.S. Probation Office for substance abuse which may include but not be limited to random urinalysis. **Conditions modified on November 8, 2001**, to include that he participate in a mental health treatment program approved by the U.S. Probation Office and that he pay a co-payment fee at a rate to be determined by the U.S. Probation Office based on his ability to pay. **Revoked on October 8, 2003**, sentenced to 12 months imprisonment followed by 48 months supervised release. **Conditions modified on October 27, 2003**, to include 100 hours of community service. **Conditions modified February 10, 2005** to include nine months of home confinement, and urinalysis at least twice weekly. **Revoked July 11, 2005**, sentenced to 3 months and 212 days imprisonment followed by 37 months of supervised release. All previously ordered conditions were reimposed by the Court. **Informational Violation Report filed November 20, 2006. Conditions modified on March 12, 2007,** to include association restriction from Lourdes Taitano or her family members without permission from probation.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | May 5, 2006 |
| Assistant U.S. Attorney: | Marivic P. David | Defense Attorney: | Richard P. Arens |

### PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number   Nature of Noncompliance [All in violation of 18 U.S.C. § 3583(d)]

1. Positive urinalysis - methamphetamine (5/15/07)
2. Refusal to participate in inpatient drug/alcohol treatment program as instructed (5/9/07)
3. Failure to contact probation as instructed (5/9/07)
4. Urinalysis "no show" (5/11/05, 5/21/07)
5. Failure to attend probation compliance meetings (5/16/07, 5/22/07)
6. Unauthorized association with Lourdes Taitano (4/17/07)
7. Failure to report a change in employment (5/15/07)

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

**Please see attached**
*Declaration in Support of Petition, Violation of Supervised Release Conditions;*
*Request for a Warrant,*
**submitted by U.S. Probation Officer Robert I. Carreon.**

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

Date: May 31, 2007

I declare under penalty of perjury that the forgoing is true and correct.

/s/ ROBERT I. CARREON
U.S. Probation Officer

Executed on: May 31, 2007

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other

# VIOLATION WORKSHEET

1. Defendant **Eric I. Manibusan**
2. Docket Number (Year-Sequence-Defendant No.) **CR 95-00032-001**
3. District/Office 0993/1
4. Original Sentence Date 4 / 11 / 97
   month / day / year

(If different than above):
5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| Unauthorized association with Lourdes Taitano (4/17/07) | C |
| Refusal to participate in inpatient drug/alcohol treatment program as instructed (5/9/07) | C |
| Failure to contact probation as instructed (5/9/07) | C |
| Urinalysis "no show" (5/11/05, 5/21/07) | C |
| Failure to attend compliance meetings (5/16/07, 5/22/07) | C |
| Positive urinalysis - methamphetamine (5/15/07) | C |
| Failure to report a change in employment (5/15/07) | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   C
9. Criminal History Category (see §7B1.4(a))   I
10. Range of Imprisonment (see §7B1.4(a))   3-9 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Defendant: Eric I. Manibusan

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | EM Fee: $114.10 |
    | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:   N/A

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)):   0 months   0 days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

UNITED STATES DISTRICT COURT
                                  FOR THE
                             DISTRICT OF GUAM


UNITED STATES OF AMERICA,        )    CRIMINAL CASE NO. 95-00032-001
                                 )
              Plaintiff,          )
                                 )   **DECLARATION IN SUPPORT OF PETITION**
        vs.                       )
                                 )
ERIC IGLESIAS MANIBUSAN,          )
                                 )
              Defendant.          )
_____)


**Re:    Violations of Supervised Release Conditions; Request for a Warrant**

   I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Eric Iglesias Manibusan, and in that capacity declare as follows:

   Mr. Manibusan is alleged to have committed the following violations, which are all in violation of *18 U.S.C. § 3583(d)*:

**Mandatory Conditions:** *The defendant shall refrain from any unlawful use of a controlled substance.*

   On **May 15, 2007**, Eric Manibusan reported for urinalysis and tested positive for methamphetamine or "ice". He executed a drug use admission form indicating that he used "ice" on May 15, 2007. Mr. Manibusan failed to report to the U.S. Probation Office for a required compliance meeting on **May 16, 2007.** Attempts to contact him by this Officer to address the drug use violation have been unsuccessful.

**Special Condition:** *The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse and pay a co-payment at a rate to be determined by the U.S. Probation Office.*

   Mr. Manibusan failed to report for urinalysis on **May 11, 2007**. At a compliance meeting with this Officer on May 14, 2007, he stated that he missed urinalysis because he was busy attempting to secure an apartment. Mr. Manibusan stated that he should have prioritized the urinalysis and attended as required. He was then subjected to urinalysis by this Officer and tested negative. Mr. Manibusan was warned of the consequences of continued noncompliance with the drug testing program.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re:   MANIBUSAN, Eric I.
USDC Cr. Cs. No. 95-00032-001
May 31, 2007
Page 2

Mr. Manibusan failed to attend urinalysis on **May 21, 2007.** He failed to report to the probation office for the required compliance meeting on **May 22, 2007.** Attempts to contact him by this Officer have been unsuccessful.

As outlined in the modification report, filed on March 12, 2007, Mr. Manibusan has continued to use alcohol in violation of his conditions of release. He subsequently agreed with this Officer to attend inpatient alcohol treatment as provided by the Salvation Army Lighthouse Recovery Center (LRC). Accordingly, Mr. Manibusan was referred for services and on May 7, 2007, LRC counselors notified this Officer that Mr. Manibusan was accepted for treatment. He was contacted on May 7, 2007 and instructed to prepare to report to the LRC. Mr. Manibusan stated that he was now against the inpatient treatment citing that he did not want to be restricted from going out at night. Mr. Manibusan was instructed to report to the LRC on **May 9, 2007** and to call this Officer to confirm his compliance with the instruction. **He failed to report to the LRC or to contact this officer as instructed.** At a compliance meeting on May 14, 2007, Mr. Manibusan disagreed with the need for inpatient alcohol treatment and stated that he would like to pursue LRC outpatient treatment services. This Officer informed Mr. Manibusan that a Court hearing would be requested to address his reasons for refusing to participate in the LRC Inpatient Treatment Program.

**Standard Condition:** *The defendant shall follow the instructions of the probation officer.*

As outlined above, Mr. Manibusan failed to follow probation officer instructions on May 9, 2007 to report to the Lighthouse Recovery Center for inpatient treatment, and to call the probation officer to confirm his compliance.

**Special Condition:** *The defendant shall not associate with and/or not come within 500 feet of Lourdes Taitano or any of her family members without the permission of the U.S. Probation Officer. This association restriction includes any contact whether physical, verbal, electronic, telephonic, written, or otherwise.*

On **April 17, 2007,** this Officer conducted an unannounced home inspection. Family members stated that Mr. Manibusan was not home and that he was picked up earlier by Lourdes Taitano. Mr. Manibusan called this Officer on April 17, 2007, and confirmed his continued association with Ms. Taitano despite his understanding of the court order restricting him to do so.

**Special Condition:** *The defendant shall notify the probation officer ten days prior to any change in residence or employment.*

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Warrant
Re:    MANIBUSAN, Eric I.
USDC Cr. Cs. No. 95-00032-001
May 31, 2007
Page 3

On May 15, 2007, Mr. Manibusan reported for urinalysis and stated to the treatment provider that he lost his job. The treatment provider notified the probation office of this, however, Mr. Manibusan has not reported his change of employment status to this Officer as required. As outlined above, he failed to report for a required compliance meeting on May 16, 2007, and attempts to contact him by this Officer have been unsuccessful. Mr. Manibusan's employer confirmed with this Officer that his position was terminated on May 14, 2007 due to slow business.

**Supervision Compliance**: Mr. Manibusan paid the $50 special assessment fee on June 24, 1998 and submitted all required monthly supervision reports.

**Recommendation:** Last contact with Mr. Manibusan was during the compliance meeting on May 14, 2007. Attempts to contact him have been unsuccessful. As outlined above, Mr. Manibusan has returned to illicit drug use, has refused to participate in inpatient drug/alcohol treatment, continues to associate with Lourdes Taitano, and is no longer reporting to the probation officer. As such, this Officer respectfully requests that the Court issue a Warrant of Arrest for Eric Iglesias Manibusan, and upon its execution, he appear at a hearing to answer or show cause why supervised release should not be revoked, pursuant to 18 U.S.C. § 3583(e)(3).

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 31st day of May 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

                                                Respectfully submitted,

                                                FRANK MICHAEL CRUZ
                                                Chief U.S. Probation Officer

By:  /s/ ROBERT I. CARREON
                     U.S. Probation Officer

Reviewed by:

 /s/ ROSSANNA VILLAGOMEZ-AGUON
    U.S. Probation Officer
      Supervision Unit Leader

cc:    Marivic P. David, AUSA
        Richard P. Arens, Assistant Federal Public Defender
        File